IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF TENNESSEE
WESTERN DIVISION

| | |
|---|---|
| CHRISTOPHER N. WIELAND,          ) | |
| ) | |
| Plaintiff,              ) | |
| ) | No. 2:24-cv-02437-TLP-cgc |
| v.                                              ) | |
| ) | JURY DEMAND |
| GERMANTOWN MUNICIPALITY, et al., ) | |
| ) | |
| Defendants.           ) | |
| ) | |

**ORDER ADOPTING REPORT AND RECOMMENDATION**

In June 2024, pro se Plaintiff Christopher N. Wieland sued Germantown Municipality, Memphis Municipality, Bartlett Municipality, the Germantown Police Department, the Bartlett Police Department, the Memphis Police Department, the Federal Bureau of Investigation, and the United States of America. (ECF No. 1.) That same day, Plaintiff also moved to proceed in forma pauperis. (ECF No. 2.) Under Administrative Order 2013-05, the Court referred this case to Magistrate Judge Charmaine G. Claxton ("Judge Claxton") for management of all pretrial matters.

Judge Claxton granted Plaintiff's motion to proceed in forma pauperis. (ECF No. 7.) Judge Claxton also screened Plaintiff's Complaint under 28 U.S.C. § 1915(e)(2) and entered a Report and Recommendation ("R&R") recommending that the Court dismiss this case. (*Id.*) Judge Claxton found that the action is frivolous and fails to state a claim. (*Id.*) Likewise, Judge Claxton recommended that this Court certify that an appeal in this case would not be taken in good faith. (*Id.*)

Plaintiff did not object to the R&R.  For the reasons below, the Court **ADOPTS** the R&R.

## BACKGROUND

Suing for 500 million dollars, Plaintiff assumes the role of the victim in various ways.  For example, he alleges:

> 2) Over the last 2-3 years, the plaintiff has attempted to communicate with the FBI, several US agencies and responsible offices over various crimes that they themselves advertise themself [*sic*] as irresponsible for policing.  All of my communications have gonee [*sic*] unanswered without so much as a call back.
>
> 3) Most recently I was victimized for pursuing due process over a bunch of criminal happenings in Memphis TN at the hands of the employees of the Germantown Municipality as well as the other mentioned municipalities.
>
> 4) These events have taken up years of my life and a significant percentage of the time I have left, vast amounts of personal resources, and inflicted immeasurable pain and suffering upon my personal wellbeing.
>
> 5) It is so that the indifference, culture, and set up positioning of the government has been done so to prevent any traction from being obtained by a person and attempting to put an end to illegal activities or find justice after being victimized at the hand of others.

(ECF No. 1 at PageID 2.)  And Plaintiff seeks the damages so he can "set up a new life." (*Id.* at PageID 3.)

The Court will now set out the relevant legal standard and then review the R&R.

## LEGAL STANDARD

When a plaintiff proceeds in forma pauperis, as in this case, federal courts screen the complaint under 28 U.S.C. § 1915(e)(2)(B).  When screening the complaint, the reviewing court must dismiss the case if it "(i) is frivolous or malicious; (ii) fails to state a claim on which relief may be granted; or (iii) seeks monetary relief against a defendant who is immune from such relief." (*Id.*)  And under § 1915(e)(2)(B), courts consider whether a complaint states a claim

upon which relief may be granted using the standard for evaluating a motion to dismiss under Rule 12(b)(6) of the Federal Rules of Civil Procedure. *Hill v. Lappin*, 630 F.3d 468, 470–71 (6th Cir. 2010).

The Supreme Court set forth the standard for that rule in *Ashcroft v. Iqbal*, 556 U.S. 662 (2009), and in *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544 (2007). Under this standard, the reviewing court accepts as true "well-pleaded" factual allegations in the complaint and decides whether they "plausibly suggest an entitlement to relief." *Williams v. Curtin*, 631 F.3d 380, 383 (6th Cir. 2011) (quoting *Iqbal*, 556 U.S. at 681); *see also Barnett v. Luttrell*, 414 F. App'x 784, 786 (6th Cir. 2011) ("To avoid dismissal, a complaint must contain sufficient factual matter, accepted as true, to state a claim to relief that is plausible on its face." (internal quotation marks omitted)).

"A claim is plausible on its face if the 'plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged.'" *Ctr. for Bio-Ethical Reform, Inc. v. Napolitano*, 648 F.3d 365, 369 (6th Cir. 2011) (quoting *Iqbal*, 556 U.S. at 678). The court need not accept as true any conclusory allegations, and every legal conclusion in a complaint "must be supported by factual allegations." *Iqbal*, 556 U.S. at 679.

As noted above, courts must "liberally construe[]" pleadings filed by pro se plaintiffs and hold them to "less stringent standards than formal pleadings drafted by lawyers." *Erickson v. Pardus*, 551 U.S. 89, 94 (2007) (citation omitted). But this "lenient treatment . . . has limits." *Pilgrim v. Littlefield*, 92 F.3d 413, 416 (6th Cir. 1996) (citing *Jourdan v. Jabe*, 951 F.2d 108, 110 (6th Cir. 1991)). Pro se plaintiffs must still plead enough "*factual matter*, accepted as true, to 'state a claim to relief that is plausible on its face.'" *Barnett v. Luttrell*, 414 F. App'x. 784, 786

(6th Cir. 2011) (alteration in original) (quoting *Iqbal*, 556 U.S. at 678). District courts are not "required to create" a pro se plaintiff's claim for him. *Payne v. Sec'y of the Treasury*, 73 F. App'x. 836, 837 (6th Cir. 2003); *see also Thomas v. Romanowski*, 362 F. App'x 452, 456 (6th Cir. 2010) ("District judges have no obligation to act as counsel or paralegal to *pro se* litigants." (quoting *Pliler v. Ford*, 542 U.S. 225, 231 (2004))).

And a magistrate judge may submit to a district court judge proposed findings of fact and a recommended ruling on certain pretrial matters, including whether to dismiss a case for failure to state a claim. 28 U.S.C. § 636(b)(1)(A)–(B). And "[w]ithin 14 days after being served with a copy of the recommended disposition, a party may serve and file specific written objections to the proposed findings and recommendations." Fed. R. Civ. P. 72(b)(2); *see also* 28 U.S.C. § 636(b)(1). If neither party objects, then the district court reviews the R&R for clear error. Fed. R. Civ. P. 72(b) advisory committee's note. On review, the district court "may accept, reject, or modify, in whole or in part, the findings or recommendations made by the magistrate [judge]." 28 U.S.C. § 636(b)(1).

Judge Claxton entered her R&R, and Plaintiff did not object to the R&R. Accordingly, the Court reviews the R&R for clear error.

## DISPOSITION

Having reviewed the record here, the Court finds no clear error. In fact, the Court agrees with Judge Claxton's analysis and her conclusions in the R&R. The Court therefore **ADOPTS** the R&R.

As Judge Claxton explains, Plaintiff fails to state any coherent claim against any person or entity. Plaintiff seems to be trying to assert Section 1983 claims against Defendants on a

4

*Monell* theory. (*See* ECF No. 1 at PageID 2.) But Plaintiff's factual assertions are so vague and incomplete that they fail to assert any cognizable claim. (*See id.*)

What is more, many Defendants here are not viable defendants under § 1983. Those Defendants include, the Germantown Police Department, the Bartlett Police Department, the Memphis Police Department, the Federal Bureau of Investigation, and the United States of America. *Haines v. Fed. Motor Carrier Safety Admin.*, 814 F.3d 417, 429 (6th Cir. 2016) ("[A]s a general matter, '[t]he federal government and its officials are not subject to suit under [§ 1983].'" (citation omitted)); *Wieland v. Bartlett, TN, Police Dep't*, No. 23-5757, 2025 WL 553489, at *1 (6th Cir. Jan. 24, 2025) ("The BPD is not a "person" suable under § 1983"); *Wieland v. Germantown, TN Fire Dep't*, No. 23-5758, 2024 WL 5416753, at *3 (6th Cir. Oct. 1, 2024) ("[T]he Germantown Police Department is not a legal entity capable of being sued."); *Grace v. City of Ripley, Tennessee*, No. 2:16-CV-02395-JPM-DKV, 2017 WL 835206, at *5 (W.D. Tenn. Mar. 2, 2017) ("[D]istrict courts in Tennessee have frequently and uniformly held that police departments and sheriff's departments are not proper parties to a § 1983 suit.").

And to the extent that Plaintiff sues the City of Memphis, City of Bartlett, and City of Germantown, these claims also fail. Indeed, while Plaintiff makes broad assertions about the Government and its culture, Plaintiff has not alleged any municipal policy or custom here, much less one that allows constitutional violations. *See Monell v. Dep't of Soc. Servs. of N.Y.*, 436 U.S. 658, 694 (1978).

Accordingly, the Court agrees with Judge Claxton's findings that Plaintiff fails to state a cognizable claim here and that this action is frivolous. The Court thus **DISMISSES** this action in its entirety under 28 U.S.C. § 1915(e)(2)(B). Likewise, Judge Claxton notes that an appeal by

Plaintiff would not be taken in good faith. And the Court agrees. There is no good-faith basis to pursue an appeal here.

## CONCLUSION

For the reasons explained, the Court **ADOPTS** the R&R and **DISMISSES** this action **WITH PREJUDICE**. The Court also **CERTIFIES** that any appeal by Plaintiff would not be taken in good faith and that Plaintiff may not proceed on appeal in forma pauperis.

**SO ORDERED**, this 10th day of June, 2025.

                                               s/Thomas L. Parker
                                              THOMAS L. PARKER
                                              UNITED STATES DISTRICT JUDGE